# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | |
| Petters Company, Inc., et al., | **Jointly Administered under Case No. 08-45257** |
| Debtors. | |
| | Court File No.: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 |
| PC Funding, LLC; | 08-45326 |
| Thousand Lakes, LLC; | 08-45327 |
| SPF Funding, LLC; | 08-45328 |
| PL Ltd., Inc.; | 08-45329 |
| Edge One LLC; | 08-45330 |
| MGC Finance, Inc.; | 08-45331 |
| PAC Funding, LLC; | 08-45371 |
| Palm Beach Finance Holdings, Inc.) | 08-45392 |
| | Chapter 11 Cases |
| | Judge Kathleen H. Sanberg |
| Douglas A. Kelley, in his capacity as the Trustee of BMO Litigation Trust, | Adversary No. 12-04288 |
| Plaintiff, | |
| v. | |
| BMO Harris Bank N.A., as successor to M&I Marshall and Ilsley Bank, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**NOTICE OF HEARING AND MOTION TO COMPEL BMO TO PRODUCE A 30(B)(6) WITNESS TO TESTIFY ABOUT ANY DUE DILIGENCE BMO DID WHEN IT PURCHASED M&I AND ANY DOCUMENTS RELATING TO DUE DILIGENCE BMO DID REGARDING M&I'S RELATIONSHIP WITH PETTERS, THE PETTERS ENTITIES OR THE PETTERS ACCOUNTS BEFORE IT PURCHASED M&I.**

TO:  Defendant BMO Harris Bank N.A., as successor to M&I Marshall and Ilsley Bank, and its attorneys of record

1.       Plaintiff Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust ("Plaintiff"), by and through his undersigned counsel, moves this Court for an order compelling Defendant BMO Harris Bank N.A., as successor to M&I Marshall and Ilsley Bank ("BMO," "M&I" or "Defendant") to produce a witness to testify on topic one in Plaintiff's 30(b)(6) Notice of Deposition of BMO, and to produce documents responsive to Plaintiff's 36th Request for Production of Documents.

2.       The Court will hold a hearing on this motion before the Honorable Kathleen H. Sanberg at 1:30 p.m. on April 26, 2017, in Courtroom 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

3.       Pursuant to Local Rule 9006-1(c), any response to this motion must be filed and served no later than five days before the hearing date. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.       The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

5.       This motion is brought pursuant to Fed. R. Civ. P. 37, as made applicable by Fed. R. Bankr. P. 7037.

6.       Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.       On February 1, 2017 Plaintiff sent Defendant its First Set of Requests for the Production of Documents (the "Requests") that included Request for Production No. 36, which asked Defendant to produce documents related to any "due-diligence" performed or received by BMO on "M&I's relationship with Petters, the Petters Entities, or the Petters Accounts prior to

BMO purchasing M&I." Plaintiff exchanged correspondence with, and met and conferred with, Defendant regarding Defendant's responses to several Requests between March 23 and April 11.

8. On February 23, 2017, Plaintiff sent Defendant a 30(b)(6) notice of BMO Harris Bank, N.A., that included Topic 1 on "All investigations or due diligence undertaken by BMO Harris Bank N.A. ("BMO") or on its behalf, pertaining to its investigation of M&I, including any documentation relating to any investigation or due diligence." Defendant served objections to the notice on March 20, 2017, and refused to produce a witness for Topic 1. The parties met and conferred on March 22, 2017, to discuss BMO's objections and have continued to discuss Topic 1 since then, but Defendant has so far refused to identify or produce a witness to testify on the full scope of Topic 1.

9. Plaintiff therefore moves this Court to compel Defendant to produce a witness to address Topic 1 and the due-diligence-related documents requested in Trustee's Request for Production 36.

10. Fed. R. Civ. P. 26(b), as made applicable here pursuant to Fed. R. Bankr. P. 7026, allows a party obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of such discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b).

11. Plaintiff therefore seeks an order granting its motion to compel discovery.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order granting its motion to compel discovery, for reasonable expenses and fees incurred in making this motion, and for any other relief the Court deems appropriate.

DATED: April 12, 2017                             By: */s/ Michael A. Collyard*
                                                               Thomas L. Hamlin
Michael A. Collyard
Michael D. Reif
William Bornstein
Peter C. Ihrig
ROBINS KAPLAN LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone:  612-349-8500
Facsimile:  612-339-4181
thamlin@robinskaplan.com
mcollyard@robinskaplan.com
mreif@robinskaplan.com
wbornstein@robinskaplan.com
pihrig@robinskaplan.com

Counsel for Plaintiff